**STUTZ v. UNITED STATES.**

**No. 6105.**

Circuit Court of Appeals, Fifth Circuit.

March 16, 1931.

1030

Before FOSTER, SIBLEY, and HUTCH-ESON, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant, John H. Stutz, was indicted in three counts for possession and transportation of intoxicating liquors contrary to the National Prohibition Act (27 USCA § 1 et seq.), and for concealment in a boat of intoxicating liquors imported into the United States contrary to the customs laws. He was convicted of all three offenses, and, from a sentence to imprisonment for two years, he appeals. The evidence was wholly circumstantial. The most important facts testified to were as follows: Stutz was in-. terviewed by the customs officers at about 10:30 p. m., at a boat landing in Miami, Fla., where he had a sedan automobile with its back seat removed. He told them they were too late, he had unloaded and was going home. About 2:30 a. m. he and his car, with five other similar cars with back seats removed, and six or seven men were found at another landing where a boat having no lights and sitting so low in the water that its exhaust was muffled by the water was apparently about to land. There was only starlight. It was testified by the officers that appellant shouted to the crew: "The customs are here. Don't come in"; and later: "They have gone for a boat. Take the stuff away and drop it in shallow water where you can find it"; and that he then went to his car and got a pistol and fired two shots. A rattling as of bottles was heard from the vicinity of the boat, and splashes as if throwing things into the water. Appellant and the other men went away, as did the boat, its exhaust being now clear of the water. The position of the boat was noted by the officers, and at daylight the shallow water at that point yielded up 108 sacks of bottled liquors apparently of foreign manufacture. Appellant testified that it was not he who shouted and fired the pistol, and that he was present only from curiosity.

Only two of the assignments of error require special notice, both relating to the charge of the court. An instruction was duly requested in these words: "The court charges you that before you can convict on circumstantial evidence the circumstantial evidence must be consistent with the guilt of the defendant upon trial and inconsistent with his innocence, and the evidence must be so strong, clear and conclusive as to the guilt of the defendant as to remove every other reasonable hypothesis except the defendant's guilt." This was a correct statement of law, and

R. A. Hendricks, of Miami, Fla. (R. A. Hendricks and Hendricks & Hendricks, all of Miami, Fla., on the brief), for appellant.

W. P. Hughes, U. S. Atty., and Wm. A. Paisley, Asst. U. S. Atty., both of Jacksonville, Fla. (W. P. Hughes, U. S. Atty., and William A. Paisley, Asst. U. S. Atty., both of Jacksonville, Fla., on the brief), for the United States.

pertinent to the case. 16 C. J. § 1568; Chass v. United States (C. C. A.) 258 F. 911. The only charge given in respect to circumstantial evidence was this: "There are cases where the testimony is positive and direct. There are other cases where the testimony is indirect, circumstantial, as we call it, but the law recognizes that circumstantial evidence is just as valuable evidence in determining a case as is direct testimony, excepting where the testimony is circumstantial you should exercise more care. You should carry along with it, of course, the legal idea that the defendant is innocent until he is proven guilty, but from circumstantial evidence you may draw just as strong a conclusion of guilt as you may draw a conclusion of innocence." This charge is not the equivalent of that refused, nor even of the same tendency, and did not cure the erroneous refusal.

■ Another charge assigned as error is this: "The testimony of the Government is that this defendant commanded whoever was on the boat to throw the liquor over because the customs officers were there, and he told them not to come in, and he fired some shots. The defendant denies that. Now you must find from the evidence whether that fact is true, or not. If you find from the evidence that that fact is true, that he did do that, that is evidence that he had an interest in the liquor, and in that boat, and was bringing that liquor in under his command, and technically under the law he is in possession of that liquor and he is transporting that liquor, and when he directed them to throw the liquor over into the water that amounts to a concealment under his direction, and he would be guilty under each count in the indictment. If, on the contrary, you find that somebody else gave the command or fired the shots, and was exercising control, and the defendant as he says was there simply out of curiosity to see what was going on, he had nothing in the world to do with it, you should find him not guilty." This was the only issue of fact submitted. The case was thus made to turn solely on whether appellant was the man who shouted to the boat crew and fired the pistol, or not. Had the charge stopped with saying that such conduct would be evidence that he had an interest in the liquor, there would have been no error, but it was made the sufficient and conclusive test of guilt on all three counts. It was for the jury, and not for the court, to make the inferences, and to say whether all the circumstances proven showed with the requisite certainty that the liquor found came out of that boat, and, if so, whether it had been illegally imported from abroad, as well as whether appellant was originally interested in its possession and its concealment in and transportation by the boat. Concealment in the water was not the offense charged. A possible theory is that appellant was merely seeking to thwart the officers and help friends, without any original interest in the enterprise. As the transportation and concealment, if established, were still in progress, such conduct by appellant might also constitute an abetting of these offenses under 18 USCA § 550. But that theory of guilt, if relied on, should have been specifically submitted to the jury under appropriate instructions. We think a new trial ought to be had.

Reversed.