George Charles **MATTHEWS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 22133.

United States Court of Appeals
Ninth Circuit.

May 8, 1968.

Peter Clarke (argued), San Diego, Cal., for appellant.

Shelby Gott (argued), Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before BARNES and ELY, Circuit Judges; and FERGUSON,* District Judge.

FERGUSON, District Judge:

A jury trial resulted in appellant's conviction of two Dyer Act offenses, 18 U.S.C. § 2312, and one smuggling offense, 18 U.S.C. § 545.

A motion for acquittal on the smuggling conviction only was filed and granted by the trial court.

The appeal pursuant to 28 U.S.C. § 1291 and § 1294 is based on (1) insufficiency of the evidence, and (2) failure of the trial court to broaden its instruction on circumstantial evidence.

 Appellant did not move for acquittal on the Dyer Act charges, as he did on the smuggling charge. The failure is fatal. Lupo v. United States, 322 F.2d 569 (9th Cir. 1963). Although this circuit has considered the contention of insufficient evidence notwithstanding the lack of such a motion [Robbins v. United States, 345 F.2d 930, 932 (9th Cir. 1965)], it has done so only to prevent a manifest miscarriage of justice. Beckett v. United States, 379 F.2d 863, 864 (9th Cir. 1967). Appellant's conviction resulted from a fair trial.

The jury was instructed on the difference between direct and circumstantial evidence, that as a general rule the law makes no distinction, and that no conviction can be sustained unless guilt has been proven beyond reasonable doubt from all the evidence. No objection was made to the instruction and no additional instructions were requested. The instruction was preceded by instructions on reasonable doubt which were clear and complete.

 Appellant seeks reversal contending that the trial court should have instructed *sua sponte* that circumstantial evidence may support a conviction only if it is sufficient to justify the determination that it excludes every reasonable hypothesis except that of guilt. Had such an instruction been requested, the court would have been required to submit it. Davis v. United States, 382 F.2d 221 (9th Cir. 1967); Whaley v. United States, 362 F.2d 938 (9th Cir. 1966). Furthermore, had it been called to the court's attention that the instructions were erroneous in their omission of the principle, a reversal would probably have been required. Under the circumstances, however, we are not convinced that plain error, under Fed.R. Crim.P. 52(b), was committed. Cf. Robison v. United States, 379 F.2d 338, 345 (9th Cir. 1967).

Appointed counsel for appellant on this appeal was not trial counsel.

The judgment is affirmed.

* Hon. Warren J. Ferguson, United States District Judge, Los Angeles, California, sitting by designation.