**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Louis DAVIS, Defendant-Appellant.**

**No. 26135.**

United States Court of Appeals, Ninth Circuit.

Jan. 25, 1971.

Robert F. Bourne, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Warren P. Reese, Chief Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BROWNING, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

Appellant was convicted following a trial without a jury, of smuggling marihuana in violation of 21 U.S.C. § 176a. He contends on appeal that the evidence is insufficient to support the verdict, since there is no showing that he knew there was marihuana concealed in the vehicle.

Appellant was arrested at the international border at Calexico, California, when customs agents found 308 pounds of marihuana under the bed of the vehicle he was driving; the bed was covered by a camper unit. He testified that he was offered $400 to drive the vehicle to Los Angeles and leave it there, that he thought the vehicle was stolen, and that he had looked for contraband in the vehicle and had found none.

The district judge disbelieved Davis and concluded that he knew the marihuana was present. We affirm. Three facts undermine Davis' story of lack of knowledge: the amount he was paid to drive the vehicle to Los Angeles; the fact that the transaction was negotiated at Mexicali, close to the international border; and Davis' statements to the customs agents, denied by him, that he knew there was marihuana in the vehicle. Appellant's knowledge that Operation Intercept was in progress is deprived of much of its significance by the fact that the marihuana was so elaborately, carefully, and cleverly concealed.

On the basis of this evidence, the trier of fact could reasonably conclude that it

would not hesitate to act in its own serious affairs on a premise as probable as the fact that Davis knew there was marihuana concealed in the vehicle. United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969).

Affirmed.