**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Guillermo BRISENO–HERNANDEZ,**
**Defendant-Appellant.**

**No. 26233.**

United States Court of Appeals,
Ninth Circuit.

May 4, 1971.

Ely, Circuit Judge, dissented and filed opinion.

Manuel Aranda, Jr., of Hidalgo, Aranda & Garcia, Los Angeles, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Criminal Division, Phillip W. Johnson, Special Asst. to U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before DUNIWAY, ELY and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Appellant was convicted for concealing and transporting illegally imported marihuana (21 U.S.C. § 176a) and illegally imported seconal pills (18 U.S.C. § 545). The unusual twist in this case is that appellant was caught trying to carry the contraband from the United States into Mexico.

A customs agent found a large cache of marihuana and pills in burlap bags hidden in a culvert about three miles north of the Mexican border. The area was placed under surveillance, and other agents searched the border. Two fresh sets of footprints led out of Mexico into the United States. The prints appeared to have been made by persons carrying heavy burdens. Similar prints were found near the culvert. The following afternoon an agent saw appellant approaching the culvert. Appellant dragged a bag of marihuana and a bag of seconal pills out of the culvert and hid them in some brush. He loaded into his Volkswagen the remaining two bags, together containing about 130,000 seconal pills. He drove toward Mexico until he was stopped and arrested less than a mile from the border.

After receiving a warning on his constitutional rights, appellant stated in substance that on the day before in Tecate, Mexico, a Mr. Vasquez offered him $100 to go into the United States and to "bring back some merchandise that was illegal." Vasquez paid him $65 in advance because if appellant were caught, he would be imprisoned for three or four months. Appellant also said that he left part of the contraband hidden because he could not fit all the bags into his trunk.

The area of the culvert was on a known smuggling route. The means of packaging the marihuana and the seconal were typically Mexican. One agent testified that in four years, he had never heard of a case of smuggling dope into Mexico. Appellant is bilingual. He lived in Los Angeles, and he had traveled in the border area.

There was ample evidence to prove that the contraband had been illegally imported from Mexico. The only question on appeal is the sufficiency of the evidence to support the jury's implied finding that appellant knew that it was illegally imported. We think that from the totality of the circumstantial evidence "the jurors reasonably could decide that they would not hesitate to act in their own serious affairs upon factual assumptions as probable as the conclusion that" appellant knew the contraband had been unlawfully imported into the United States. (*See* United States v. Nelson (9th Cir. 1969) 419 F.2d 1237, 1245.)

Appellant knew that he was to "bring back" illegal merchandise. He could have seen the contents of the bags because the agents had opened some of them before he went to the culvert. When he had to choose which bags to take and which to leave behind, he selected the pills, the part of the cargo that was more valuable than marihuana. He was no stranger to the border, and he could speak both Spanish and English. From these facts the jury could have appropriately inferred that appellant knew that his mission was to retrieve from the United States a Mexican shipment of contraband, the delivery of which had gone awry.

The judgment is affirmed.

ELY, Circuit Judge (dissenting):

I respectfully dissent. Even when I view the evidence in the light most favorable to the Government, as I am required to do, I cannot agree that it was sufficient to support the determination, beyond a reasonable doubt, that the appellant knew that the contraband in question had previously been illegally imported into the United States. It is true that he had been directed to "bring back" the material to Mexico, but I think that the fact that his directions included those words is the only foundation for any inference that he was aware that the marijuana and drug had

once been in our neighboring country. Assuming such an awareness on his part, the circumstantial proof, in my opinion, remains insufficient to support the conclusion that he knew that any previous importation had been illegally made. I have no doubt that the appellant suspected that he had involved himself with persons engaged in illegal activity, but such is far from adequate to supply the crucial element of actual knowledge which the statute requires. Since no useful purpose would be served by further elaboration upon my views, I simply record my opinion that Briseno-Hernandez should not have been convicted and imprisoned when the prosecution's evidence against him was so very weak. *Cf.* Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

I would reverse.