UNITED STATES of America,
Appellee,

v.

Carman James RUGGERI, Appellant.

No. 25439.

United States Court of Appeals,
Ninth Circuit.

May 10, 1971.

J. B. Tietz, Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Robert L. Brosio, Chief, Crim. Div., Howard B. Frank, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before KILKENNY and TRASK, Circuit Judges, and PLUMMER, District Judge.*

PER CURIAM:

Appellant was convicted for refusing to submit to induction into the Armed Forces in violation of 50 U.S.C.App. § 462. At the time of argument, his attorney agreed that our disposition of this case would be controlled by the decision of the Supreme Court in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625, decided April 21, 1971. The issue in Ehlert was decided adversely to appellant's contentions. Consequently, the judgment of the lower court must be affirmed.

It is so ordered.

* The Honorable Raymond E. Plummer, Chief Judge, United States District Court

UNITED STATES of America,
Plaintiff-Appellee,

v.

Arnold STONEHILL, Michael Gruber,
Defendants-Appellants.

No. 26586.

United States Court of Appeals,
Ninth Circuit.

May 11, 1971.

Rehearing Denied June 21, 1971.

Paul Caruso, Beverly Hills, Cal., for appellants.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Michael J. Lightfoot, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, DUNIWAY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellants Stonehill and Gruber appeal from their convictions for violations of 26 U.S.C. § 4705(a) (sale of cocaine without an order form). They challenge the sufficiency of the evidence to sustain their judgments.

We have examined the evidence in the light most favorable to the Government, and we conclude that the evidence is ample to support the convictions. (United States v. Nelson (9th Cir. 1969) 419 F.2d 1237.) Although neither appellant personally participated in the transfer of cocaine, there was sufficient evidence from which the jury could properly have concluded that the transferor was appellants' agent.

The judgments are affirmed.

for the District of Alaska, sitting by designation.