**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George Llewellyn ASHTON, Defendant-Appellant.**

**No. 26813.**

United States Court of Appeals,
Ninth Circuit.

Dec. 8, 1971.

Roswell Bottum, Jr., Los Angeles, Cal., for defendant-appellant.

Irving Prager, Asst. U. S. Atty. (appeared), Los Angeles, Cal., Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty. and Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, HUFSTEDLER, and KILKENNY, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Ashton appeals from his conviction on both counts of a two-count indictment charging him with a violation of 18 U. S.C. § 659 (theft of goods from an interstate shipment of freight) and with conspiring to steal goods from interstate freight in violation of 18 U.S.C. § 371 (conspiracy). Ashton challenges the sufficiency of the evidence and the trial court's instructions to the jury. We affirm.

The evidence, viewed in the light most favorable to the Government (Glasser v.

United States (1942) 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680), showed that a semi-trailer containing 32 rolls of carpeting was shipped by rail from Georgia to California. The trailer arrived in California on June 23, 1969, and was parked in the Southern Pacific Railroad's Piggyback Yard. The Trailer was stolen the next day, June 24. The rugs were recovered from Rushton's carpet store following a tip by informant Anderson who participated in the theft and who testified for the Government.

■ The testimony of several witnesses tied Ashton into the theft and conspiracy in the following particulars. Ashton was present at Luigi's Restaurant on the afternoon of the theft when Anderson arrived with the tractor truck used to tow the stolen trailer from the Piggyback Yard. Ashton was later seen driving around the Yard while the trailer was being removed. Ashton arrived at the carpet store before the trailer, announced the arrival of the rugs, directed their unloading, and demanded payment for the rugs from Rushton's son. In Ashton's presence, the trailer was wiped clean to destroy any incriminating fingerprints. The next day Ashton paid Anderson and his driver each $250 for their efforts.

Ashton's theory that Anderson hired him to unload the rugs did not convince the jury. After reviewing the record, we cannot say that the jury was wrong. (See United States v. Nelson (9th Cir. 1969) 419 F.2d 1237.)

■ Secondly, Ashton argues that the court erred by refusing to give a requested instruction on interpreting circumstantial evidence and on reasonable doubt. The Government contends that other instructions given by the court contained correct statements of the law on these points. We have perused the court's instructions and find no error. (See Mull v. United States (9th Cir. 1968) 402 F.2d 571, 575, cert. denied (1969) 393 U.S. 1107, 89 S.Ct. 917, 21 L. Ed.2d 804.)

Affirmed.