**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ivan Ray GOYETTE, Defendant-Appellant.**

**No. 71-2972.**

United States Court of Appeals, Ninth Circuit.

March 30, 1972.

As Amended on Denial of Rehearing April 19, 1972.

Marie Donohoe, Seattle, Wash., for defendant-appellant.

Stuart J. Pierson, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before HAMLEY, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

After a trial to the court, Goyette was convicted of a violation of 7 U.S.C. § 2023 (unlawful acquisition of food stamp coupons). Upon this appeal, he urges that the evidence was insufficient to prove unlawful intent and that the statute is unconstitutionally vague. His contentions are without merit and we affirm.

■ In determining the sufficiency of the evidence to sustain a finding of criminal intent, we view the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969).

Appellant admitted that he purchased the food stamps. He testified that his motive in buying them was to aid law enforcement and to bring the sellers (government agents) to justice.

■ However, the trier of fact was not obliged to credit the self-serving, and somewhat implausible, testimony of the defendant. The trial judge could instead, as he evidently did, find that Goy-

ette purchased the stamps with criminal intent and then, after later learning that he had dealt with government agents, devised a false story in an attempt to exculpate himself.

 Goyette admitted at trial that he knew his purchase was unlawful. His contention that the statute is void for vagueness borders on the frivolous. United States v. Wilson, 438 F.2d 479 (7th Cir. 1971), cert. denied, 402 U.S. 929, 91 S.Ct. 1525, 28 L.Ed.2d 863 (1971). See also United States v. National Dairy Products Corp., 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963), which teaches that a statute will not be ruled void for vagueness when it is sufficient to give the particular defendant notice that his conduct is illegal.

Affirmed. The mandate will issue now.