**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arthur Leonard VISSARS, Jr.,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marc Jeffrey KEENBERG,
Defendant-Appellant.**

**Nos. 78–2243, 78–2391.**

United States Court of Appeals,
Ninth Circuit.

May 7, 1979.

Clifford E. Tedmon, Asst. Federal Defender, Sacramento, Cal., Wendy Cole Wilner (argued), Ventura, Cal., for defendants-appellants.

Harry E. Hull, Jr., Asst. U. S. Atty. (argued), Sacramento, Cal., for plaintiff-appellee.

Before HUFSTEDLER and CHOY, Circuit Judges, and BARTELS,* District Judge.

CHOY, Circuit Judge:

Marc Keenberg appeals from his conviction on two counts of theft of Government property; Arthur Vissars appeals from his conviction on two counts of aiding and abetting the Keenberg thefts. We affirm.

I. *Statement of the Case*

Keenberg is operations manager of Ekco Metals (Ekco), a scrap metal company located in Los Angeles, California. Vissars is employed by Ekco as a truck driver.

On July 13, 1977, Keenberg went to the Mare Island Naval Shipyard to inspect several lots of scrap material for the purpose of submitting bids on the lots. The scrap yard at Mare Island had been under surveillance since March, 1977, because of appar-

* The Honorable John R. Bartels, Senior United States District Judge for the Eastern District of New York, sitting by designation.

ent thefts of scrap metal and misuse of Government property. John Baker had been placed in the scrap metal yard as an undercover agent by the Naval Investigative Service. Baker met Keenberg and escorted him on a tour of the yard. During the tour the two discussed methods of illegally obtaining scrap metal.

Ekco submitted a successful bid for one lot of Mare Island scrap. On August 17, 1977, Vissars drove an Ekco truck to Mare Island where he met Keenberg. The truck had been loaded with sand and two barrels of metal washers, which were dumped inside the shipyard after the truck had been weighed. The truck was then loaded with aluminum, reweighed, and driven away. These procedures occurred again on August 24, 1977.

In October, 1977, a grand jury indicted Keenberg on two counts of theft of Government property in violation of 18 U.S.C. § 641. It also indicted Vissars on two counts of aiding and abetting in violation of 18 U.S.C. § 2. The men were tried jointly to a jury which found them guilty on all counts charged. Keenberg was sentenced on count I to one year's imprisonment with five months to be spent in a jail-type facility and the rest of the sentence suspended. On count II he received five years' probation to commence upon his release from incarceration; he was also ordered to pay a $5,000 fine. Vissars' sentences on both counts were suspended and he was placed on five years' probation with the condition that he pay a $200 fine. These appeals followed.

## II. *Vissar's Appeal: Sufficiency of the Evidence*

Vissars argues that the evidence was insufficient for the jury to find him guilty of aiding and abetting in the thefts and therefore the district court should have directed an acquittal.[1]

Vissars acknowledges that in reviewing the jury's verdict for sufficiency of the evi-

dence, this court must view the evidence in the light most favorable to the Government. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Robinson,* 546 F.2d 309, 314 (9th Cir. 1976), *cert. denied,* 430 U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 596 (1977); *United States v. Nelson,* 419 F.2d 1237, 1241 (9th Cir. 1969). Moreover, as this court recently noted in *United States v. Jones,* 592 F.2d 1038, 1041 (9th Cir. 1979):

> We may take into account the evidence presented by the defendant in his own behalf. [Citation omitted.] We must affirm the jury's verdict if "the evidence, considered most favorably to the government, was such as to permit a rational conclusion by the jury that the accused was guilty beyond a reasonable doubt." [Citations omitted.]

■ There was sufficient evidence to convict Vissars of aiding and abetting the thefts in violation of § 2. The jury could reasonably have found that Vissars drove the truck to Mare Island on both occasions, knew of the concealed sand and washers which he dumped once inside the shipyard. The jury could also reasonably have found that Vissars gave a statement to F.B.I. agent Larson in which he admitted that he surmised that the purpose of the sand and washers was to increase the tare weight of the empty truck so as to conceal extra scrap metal loaded into the truck after the sand and washers were emptied. The Government's evidence was sufficient to support a reasonable jury's conclusion that he aided and abetted the theft.

## III. *Keenberg's Appeal: Alleged Bruton Violation*

Keenberg contends that the district court committed prejudicial error in violation of his sixth amendment right to confrontation as enunciated in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

---

1. Although Vissars' brief discusses the nature of the aiding and abetting offense, he does not contend that the district court misinstructed

the jury as to the elements of aiding and abetting under § 2.

At trial, the Government sought to introduce testimony by F.B.I. agent Larson about his conversation with Vissars after Vissars' arrest. Counsel for Keenberg objected on the ground that the statement was hearsay and violated the *Bruton* rule. The judge allowed the Government to introduce the testimony against Vissars, though excising all references to Keenberg.

Although no mention was made of Keenberg upon direct examination, on cross-examination by Vissars' counsel Larson testified that Vissars stated that he had driven the Ekco truck to Mare Island on both August 17 and August 24, and that Keenberg had flown from Los Angeles and met him at Mare Island on both occasions. Larson also testified that Vissars had said that Keenberg informed Vissars of the sand and washers in the truck and had generally directed Vissars' actions on both occasions. Though the court had informed the parties that it would address objections to cross-examination at the time of the cross-examination, neither the Government nor Keenberg's attorney voiced an objection to Larson's cross-examination testimony.

Nonetheless, upon this appeal Keenberg contends that certain statements attributed to Vissars by agent Larson prejudiced Keenberg and violated *Bruton*. In his brief before this court, Keenberg refers to the following statements and the inferences he claims the jury could draw:

> That [Vissars] had been at Mare Island on more than the two occasions around which this case revolves . . . from which the jury might infer his employer's involvement in other, uncharged illegal acts particularly in light of the testimony from the chief government witness about the history of corruption at that facility;
>
> That he "had come up with . . . Marc Keenberg";
>
> That Keenberg had told him of the sand in the truck "about one week ago" . . . —the exact date and place of this never being specified . . . ;
>
> That Keenberg directed Vissars where and when to dump the sand . . . , obscuring the fact that *Baker* had just instructed Keenberg about this;

> That "an unidentified individual" who worked at Mare Island was let out of the truck before the dumping occurred on both occasions . . . ;
>
> That Vissars surmised the purpose of the sand was to increase tare weight to conceal scrap . . . but "he had not questioned Keenberg about this as his attitude was if the boss told him to do something, he would do it" . . . ;
>
> That "he realized what was going on was probably illegal" . . . .

We assume *arguendo* that agent Larson's testimony concerning what Vissars had said violated the *Bruton* rule in light of Vissars' not taking the stand. We conclude nonetheless that this error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ It is clear that a violation of *Bruton* does not require an automatic reversal. *United States v. Steed,* 465 F.2d 1310, 1318 (9th Cir.), *cert. denied,* 409 U.S. 1078, 93 S.Ct. 697, 34 L.Ed.2d 667 (1972). In *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), the Supreme Court held that under some circumstances, a *Bruton* violation could be harmless beyond a reasonable doubt so as to satisfy the standard set forth in *Chapman v. California.* There four defendants were tried together. The Government introduced confessions by each defendant save Harrington; only one of the three confessors took the stand at trial. The Court held that the purported *Bruton* violation was harmless beyond a reasonable doubt because of the overwhelming evidence of Harrington's guilt and the relatively insignificant impact of the co-defendants' largely cumulative statements. *Id.* at 254, 89 S.Ct. at 1726. The Court stated: "Our judgment must be based on our own reading of the record and on what seems to us to have been the probable impact of the two confessions on the minds of an average jury." *Id.*

In *Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), the Su-

preme Court also found that a purported *Bruton* violation was harmless beyond a reasonable doubt. The Court wrote:

> The mere finding of a violation of the *Bruton* rule . . ., however, does not automatically require reversal of the ensuing criminal conviction. In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error.

*Id.* at 430, 92 S.Ct. at 1059.

 Our reading of the record indicates that the alleged *Bruton* violation here was harmless beyond a reasonable doubt under *Harrington* and *Schneble*. Keenberg testified in his own behalf and admitted the two thefts of the scrap metal, leaving as the only issue whether he had been entrapped by Baker. Keenberg reiterated all the evidence concerning his participation in the crime he now contends violated his rights when elicited from Larson. Both Keenberg's attorney and the district judge acknowledged that Keenberg had admitted the thefts.[2] Thus, the testimony of agent Larson was cumulative and provided the jury with no information they would not otherwise have heard.[3] Putting aside Larson's testimony, Keenberg's guilt was abundantly established. Based on our reading of the record, we conclude that Larson's testimony had an insignificant impact, if any, upon the minds of the jurors. In short, any violation of *Bruton* was harmless beyond a reasonable doubt.

AFFIRMED.

HUFSTEDLER, Circuit Judge, concurring and dissenting:

I concur in the opinion affirming Vissars' conviction. However, I cannot join the majority in the Keenberg case because I do not believe that the *Bruton* error was harmless beyond a reasonable doubt.

The case against Keenberg was strong, but I do not believe that it was overwhelming. Therefore, I would agree with the majority if we were applying an ordinary harmless error rule. I cannot conscientiously apply the constitutional error standard as the majority does. In reaching this conclusion I am influenced not only by the weight of the evidence as a whole, but also by the impact on the whole course of the trial of the improper admission of the testimony in violation of the *Bruton* rule. After the testimony was admitted, Keenberg had no practicable course open to him other than taking the stand and attempting to establish entrapment. Accordingly, I would reverse Keenberg's conviction for *Bruton* error.

---

**2.** For example, the judge stated: "Mr. Keenberg on the stand made what amounted to a confession as far as the crime is concerned."

**3.** Keenberg also claims that Larson's testimony was prejudicial because it detracted from the credibility of Keenberg's own testimony. Inas-

much as Larson's testimony corroborated Keenberg's description of the crimes, its effect, if any, upon Keenberg's credibility would have been to enhance the belief that Keenberg was accurately relating the events.