951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
BILLY G., Defendant-Appellant.
 No. 91-10163.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1991.
Decided Dec. 20, 1991.
 
 Before POOLE, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Billy G. appeals the district court's finding that he committed an act of juvenile delinquency, under 18 U.S.C. § 5031, when he attempted to engage in a sexual act on an Indian Reservation with a person under 12 years of age. See 18 U.S.C. §§ 1153, 2241(c). 18 U.S.C. § 2245 defines a "sexual act" as:
 
 
 3
 (2)(A) Contact between the penis and the vulva or the penis and the anus and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight ...
 
 
 4
 (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;
 
 
 5
 Billy G. contends that the district court's finding was improper because there was insufficient evidence to prove beyond a reasonable doubt that Billy G. had violated these federal statutes. We affirm the district court's decision.
 
 
 6
 When reviewing the sufficiency of the evidence, we determine "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence introduced at trial against Billy G. was sufficient to support the district court's conclusion that he had violated § 2241(c). Viewed in the light most favorable to the government, the facts which support the district court's conclusion are as follows:
 
 
 7
 On January 9, 1991, the victim, a three-year old child, was in church with her uncle on the San Carlos Apache Indian Reservation in Arizona. Subsequent to her arrival, the victim left the church with Billy G. the defendant. A witness who was outside the church shortly before Billy G. left with the victim testified that she did not see anyone else outside the church. When the victim returned, she was covered with blood, and blood and grass were in her panties. The victim said that Billy G. had hurt her.
 
 
 8
 An attending emergency room physician examined the victim and observed numerous external injuries to the victim's body, as well as severe trauma to her genitalia. He testified that the anterior part of the victim's genitalia was red, swollen, bruised and contused, indicating recent trauma. He also observed that the victim's hymen was torn and that her vagina had a one-centimeter laceration. The physician testified that the injuries were consistent with penetration.
 
 
 9
 Two days after the incident, a doctor's examination of Billy G.'s genitals revealed bruises at the base of the head of his penis, an open abrasion on his penis, and dried blood in the peritoneal area. A forensics serology expert testified that human blood was present not only on Billy G.'s blue jeans, undershorts, and shirt, but also on the victim's pants and on the sample of grass gathered from the crime scene. He testified that the blood on Billy G.'s clothes, on the victim's clothing, and at the crime scene matched Billy G.'s blood type and not the blood type of the victim. He also detected semen on the slacks and in the panties of the victim which could have originated from Billy G. and which matched Billy G.'s blood type.
 
 
 10
 As we have previously held, "the government's evidence need not exclude every reasonable hypothesis consistent with innocence" in order to prove guilt beyond a reasonable doubt. United States v. Miller, 688 F.2d 652, 663 (9th Cir.1982); see also United States v. Nelson, 419 F.2d 1237, 1240, 1243-44 nn. 16-19 (9th Cir.1969). Here, there was more than enough evidence to support the district court's finding. Billy G. was seen leaving with the victim; the victim identified Billy G. as her assailant; the victim's body displayed evidence of physical trauma consistent with sexual penetration; an examination of Billy G. revealed abrasions and dried blood on his genitals; and blood and semen which could have belonged to Billy G. and which matched his blood type were found on the clothes of the victim and at the scene of the crime. Although no semen was discovered in the victim's vagina, the physical evidence was more than sufficient to support the conclusion that Billy G. had penetrated and sexually assaulted the victim.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3