William M. MILLER, Appellant,
v.
UNITED STATES of America,
Appellee.

No. 17475.

United States Court of Appeals
Ninth Circuit.

Feb. 21, 1962.

Rehearing Denied May 16, 1962.

Donald Drollman, Fremont, Cal., for appellant.

Brockman Adams, U. S. Atty., James F. McAteer, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HAMLIN and BROWNING, Circuit Judges, and MURRAY, District Judge.

BROWNING, Circuit Judge.

The defendant, William Matthew Miller, was tried before a jury and convicted under three counts of an indictment charging various violations of the narcotics laws, all arising out of a single sale of heroin. He was sentenced to ten years' imprisonment on each count, the sentences to run concurrently. The circumstances of the present case refute any suggestion that the sentence was greater than it would have been on a single count, or that defendant was prejudiced by a trial on multiple counts. We therefore confine our examination to the conviction under the count charging a violation of 21 U.S.C.A. § 174.[1]

That count of the indictment alleged that on May 11, 1960, at Seattle, Wash-

1. See Cohen v. United States, No. 17,503, decided Jan. 12, 1962, 297 F.2d 760 (9th Cir. 1962), and authorities cited in note 1.

ington, defendant and Vernon D. Smith received, concealed, sold and facilitated the transportation, concealment, and sale of 470 milligrams of heroin, "knowing the same to have been imported into the United States contrary to law." In lieu of proof that defendant had the requisite knowledge of illegal importation, the government relied upon the statutory presumption of guilt arising from unexplained possession of the heroin by the defendant.[2] The sole question presented is the sufficiency of the government's proof that the defendant had possession of the narcotic drug.[3]

The government's evidence consisted of the testimony of undercover agent McInnis, corroborated as to peripheral details by the testimony of other government agents. Briefly summarized, McInnis's testimony was as follows: McInnis contacted codefendant Smith on the afternoon of May 11th and arranged to purchase a "spoon" of heroin for which he advanced Smith sixty-five dollars. Smith stated that he did not have the heroin, but would arrange to obtain it, and purported to do so. Smith and McInnis waited in a hotel lobby for the delivery of the heroin. Defendant appeared, Smith greeted him with the remark, "So you are the son-of-a-bitch that got my money," and Smith and the de-

fendant went upstairs together. Ten minutes later Smith returned to the lobby, handed the heroin to McInnis, and returned upstairs. Defendant then came downstairs and stated to McInnis in substance that he had delivered the heroin, that Smith had paid him nothing, that if he had known that it was for McInnis he would have gotten it for him directly, and that perhaps they could "do business" later.[4] McInnis met defendant again two days later, and complained of the time it had taken to deliver the heroin. Defendant replied that if he had known it was for McInnis, delivery would have been quicker, and that if McInnis wanted to do business again he would make delivery within a half hour or so.

■■ As the defendant points out, there was no testimony that McInnis or any other witness saw defendant in possession of the heroin. But defendant's possession may be established by circumstantial evidence,[5] and in this circuit the jury's verdict is subject to the same test on review whether the evidence which supports it is direct or circumstantial.[6] In either case the question is whether "there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).[7] We con-

---

2. The second paragraph of 21 U.S.C.A. § 174 reads:

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

3. In addition to the regular briefs, the court has received and considered a written argument submitted by the defendant *in propria persona*. It adds nothing to the competent and thorough presentation of appointed counsel.

4. The agent testified that in this conversation the defendant referred to the object which he had delivered as "it," "the package," "the stuff," and "the spoon." The latter two terms were used elsewhere in the testimony to describe narcotic drugs. Moreover, in the context in which the conversation occurred, it

was clear that the reference was to the particular package of heroin involved in the sale.

5. Rodella v. United States, 286 F.2d 306, 310-313 (9th Cir. 1960), cert. denied 365 U.S. 889, 81 S.Ct. 1042, 6 L.Ed.2d 199, and cases cited.

6. Elwert v. United States, 231 F.2d 928, 933 (9th Cir. 1956).

7. See also Bowler v. United States, 249 F.2d 806, 807 (9th Cir. 1957); United States v. Tutino, 269 F.2d 488, 490 (2d Cir. 1959); Note, 55 Colum.L.Rev. 549, 550 (1955). And see Fraker v. United States, 294 F.2d 859, 861 (9th Cir. 1961), applying the "substantial evidence test" in reviewing the verdict of a court sitting without a jury. Compare Holland v. United States, 348 U.S. 121, 139-140, 75 S.Ct. 127, 99 L.Ed. 150 (1954), concerning the proper jury instruction on reasonable doubt in cases involving circumstantial evidence.

clude that the circumstantial evidence offered here was sufficient.

We have considered the authorities suggested by defendant, but find them inapposite.

It is clear from the context that Justice Clark's statement in Harris v. United States, 359 U.S. 19, 23–24, 79 S.Ct. 560, 564, 3 L.Ed.2d 597 (1959), that "to take advantage of the presumption of § 174 it is necessary only to prove possession by direct evidence," was not intended as a holding that possession could not be established by circumstantial evidence. Justice Clark's reference was to direct proof as distinguished from proof by presumption, and not to direct as distinguished from circumstantial evidence.

Defendant presents an analysis of the facts of prior federal narcotics cases and argues that the evidence is sufficient only if it shows that the defendant participated in more than a single event in the course of a given narcotics transaction and that he performed more than one of a series of specific acts which the defendant lists (initiating the sale, arranging the terms of sale, receiving the purchase price, etc.). But the statute itself defines the elements of the offense, and the adequacy of the circumstantial evidence offered to establish those elements in a particular case is to be determined by the probative value of the evidence taken as a whole, and not by the presence or absence of any particular circumstance or pattern of circumstances.

Affirmed.

### ORDER

The order of this Court filed April 30, 1962, denying appellant's second petition for rehearing by the Court en banc is withdrawn, and the following order is entered:

In view of the nature of the allegations in appellant's second petition for rehearing by the Court en banc, filed *pro se*, this Court ordered that a stenographic transcript of all of the testimony of the witness Eldon R. Prziborow-

ski not previously transcribed be certified and transmitted as a supplemental record at the expense of the United States.

The supplemental record has now been received and considered, and both appellant's first petition for rehearing (titled "Petition for a Rehearing by the Court En Banc for Defendant-Appellant William M. Miller") and his second petition for rehearing (titled "Nunc Pro Tunc Petition for Rehearing by the Court En Banc") are denied as of this date, May 16, 1962.