Clarence **DAWKINS,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18654.

United States Court of Appeals
Ninth Circuit.

Nov. 18, 1963.

· Rockwood, Davies, Biggs, Strayer &
Stoel, and Edward L. Epstein, Portland,
Or., for appellant.

Sidney I. Lezak, U. S. Atty., and Donal
D. Sullivan, Asst. U. S. Atty., Portland,
Or., for appellee.

Before CHAMBERS and BARNES,
Circuit Judges, and BEEKS, District
Judge.

BEEKS, District Judge.

Clarence Dawkins has appealed from a
judgment of conviction and sentence im-
posed after a jury found him guilty on
three counts of an indictment charging
him with violating federal narcotics
laws.[1]

Jurisdiction of the District Court was
invoked under the provisions of 18 U.S.
C. § 3231. Jurisdiction of this Court to
review the appeal rests on the provisions
of 28 U.S.C. §§ 1291 and 1294.

Appellant seeks reversal of the judg-
ment of conviction on two grounds:

1. That the evidence adduced at the
trial was insufficient to support the ver-
dict and the judgment of conviction en-
tered thereon.

2. That the trial court erred in fail-
ing to instruct the jury that "the testi-
mony of an informer must be examined
with greater scrutiny than the testimony
of an ordinary witness."

---

1. Counts I, II and IV charge that the ap-
pellant on July 3, 1962, sold heroin with-
out a Government form in violation of
26 U.S.C. § 4705(a); sold heroin not
in or from the original stamped package
in violation of 26 U.S.C. § 4704(a); and
received, concealed and facilitated the
transportation and concealment of heroin
in violation of 21 U.S.C. § 174. The in-
dictment originally contained four counts
but Count III, identical to Count II, was
· stricken prior to trial.

Sometime prior to July 3, 1962, Imogene Terry Lewis, a convicted narcotics addict, volunteered her services to the Government as an informer. Miss Lewis testified that she had been acquainted with appellant since approximately 1956, had often discussed narcotics with him, and that it was mutually understood between them that appellant would call her whenever he had narcotics available. She further testified as follows: On July 3, 1962, she received a telephone call from appellant offering to sell her heroin and she immediately alerted federal narcotics agents. Thereafter, at about 2:00 p.m. of said day, appellant called again and agreed to meet her at the Fred Meyer store in north Portland to conduct the sale, and then called her again at 3:00 p.m. to advise her that he would meet her at the agreed location in a half hour. She advised the federal agents of these subsequent calls and arranged to meet them in the underground parking lot of the Fred Meyer store.

The agents testified that after meeting Miss Lewis at the store parking lot they determined that the store would not be a desirable location for observation purposes and instructed Miss Lewis to consummate the sale at a location where they could observe appellant. According to Miss Lewis, she then entered the Fred Meyer store, met appellant and took him to the Silk Hat Restaurant some two blocks away, where they entered a booth and sat down. She then excused herself on the pretext of visiting the restroom and returned to the store parking lot where the agents searched her purse, gave her $120 in Government funds and drove her to the rear of the Silk Hat Restaurant. She then got out of the car and walked to the front of the Restaurant. One agent heard appellant whistle to Miss Lewis when she appeared in front of the restaurant and two agents observed their meeting just across the street from the restaurant. Miss Lewis testified that appellant then passed her a pack of Pall Mall cigarettes with a red balloon containing what later was identified as heroin and that immediately thereafter she returned the cigarette package with the Government funds. While none of the agents testified they actually saw what passed between appellant and Miss Lewis, two observed the meeting of their hands and one observed the passage back and forth of an object bigger than the hand. According to Miss Lewis, she then told appellant that she was going to retrieve her purse and gloves from the restaurant and returned to the agents to whom she delivered the red balloon and who again searched her purse.

Appellant was arrested three months after the above events took place and Agents Windham and Gooder testified that following his arrest appellant stated to them that if his preliminary hearing disclosed a good case against him he would not need an attorney, and also stated, in response to an inquiry about his source of supply of heroin, that he would rather not say—that he did not wish to get anyone else in trouble. Miss Lewis further testified that while visiting appellant in jail following his arrest he asked her if she had any film of the heroin transaction.

Appellant did not testify but presented the testimony of one James DeCarlo, whom appellant had met following his arrest while both were incarcerated in the county jail, who testified that on a previous occasion Miss Lewis and one Floyd Love attempted to enlist his services to "frame" appellant.

█ Although appellant did not move for acquittal in the trial court at the close of the evidence, which is a prerequisite to challenging the sufficiency of the evidence on appeal, Hardwick v. United States, 296 F.2d 24 (9th Cir. 1961); Foster v. United States, 318 F.2d 684 (9th Cir. 1963); Castro v. United States, 323 F.2d 683 (9th Cir. 1963), this Court is of the opinion that there is sufficient evidence of guilt to sustain the conviction.

█ In essence, appellant argues that the testimony of Miss Lewis should be disregarded as a matter of law and that the testimony of DeCarlo, appellant's as-

sociate at the county jail, should be believed. Therefore, the only evidence against appellant is the testimony of the narcotic agents which is insufficient because they did not actually see narcotics passed from appellant to Miss Lewis, and also because they failed to make a thorough search of her person before and after the sale. The credibility of Miss Lewis was a matter for the jury, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Taylor v. United States, 238 F.2d 409 (9th Cir. 1956), and the jury obviously believed her. Certainly, the Government's case would have been stronger had the agents been able to make a thorough search of the informer's person, but the failure to make such a search does not render the evidence of guilt insufficient. Evidence of guilt is sufficient if it is substantial when viewed in a light most favorable to the Government, Glasser v. United States, supra; Rossetti v. United States, 315 F.2d 86 (9th Cir. 1963); Miller v. United States, 302 F.2d 659 (9th Cir. 1962); Johnson v. United States, 270 F.2d 721 (9th Cir. 1959), and the conclusion is inescapable that the evidence in this case so qualifies.

In support of appellant's second specification of error, it is contended that although appellant did not request such an instruction and did not object to the trial court's general instructions, United States v. Atkinson, 297 U.S. 157, 56 S. Ct. 391, 80 L.Ed. 555 (1936), compels this Court to notice the failure as reversible error because of exceptional circumstances present. Our answer to this is that the instructions given amply warned the jury of the care which must be taken in weighing the testimony of an informer, and that "exceptional circumstances" did not exist. While it may be error in some circumstances for the trial court to refuse a specific instruction on the credibility of an informer when requested, Fletcher v. United States, 81 U.S. App.D.C. 306, 158 F.2d 321 (1946); United States v. Masino, 275 F.2d 129 (2d Cir. 1960), it is not error to fail to give such an instruction where none was requested and there were no objections to the court's general charge. Sartain v. United States, 303 F.2d 859 (9th Cir. 1962); Young v. United States, 297 F.2d 593 (9th Cir. 1962); Mims v. United States, 254 F.2d 654 (9th Cir. 1958).

While there is no requirement that the trial court do so, we do suggest that in cases such as this where appointed counsel are involved, the trial court give consideration to the advisability of giving a specific instruction on the credibility of an informer's testimony although not requested.

The judgment of conviction is affirmed.