**Arthur Earl ROBBINS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19287.**

United States Court of Appeals
Ninth Circuit.

May 24, 1965.

---

10. The Secretary in his petition for intervention mentioned neither of these contentions.

John M. Price, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before ORR, HAMLEY and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge:

On April 30, 1963, the Oak Park office, Sacramento, California, of the Crocker-Anglo National Bank was robbed of $693. Donald Lee Stark and Arthur Earl Robbins were jointly indicted for the crime, it being charged as an offense under 18 U.S.C. § 2113(a) and (d) (1958). Stark pled guilty. Robbins pled not guilty, and was tried and convicted on a jury verdict. He was sentenced to imprisonment for twenty-five years, it being provided that he shall become eligible for

parole pursuant to 18 U.S.C. § 4208(a)(2) (1958). Robbins appeals.

Appellant argues that the verdict finding him guilty of bank robbery is not supported by credible evidence and the Government therefore failed to prove guilt beyond a reasonable doubt. In support of the assertion that the evidence submitted by the Government is not credible, Robbins calls attention to several inconsistencies in the testimony given by the two main witnesses for the prosecution.

■ No motion to acquit having been made at the close of the case, the contention that the evidence is insufficient may be deemed waived. Foster v. United States, 9 Cir., 318 F.2d 684, 686. This court nevertheless frequently considers such a contention on the merits notwithstanding the lack of a motion to acquit, made at the close of the case. See Dawkins v. United States, 9 Cir., 324 F.2d 521, 522; Castro v. United States, 9 Cir., 323 F.2d 683; Foster v. United States, supra. But not always. See Lupo v. United States, 9 Cir., 322 F.2d 569, 572.

■ The matter of credibility of the witnesses is for the fact finder and not this court. Apart from credibility the asserted inconsistencies did not undermine the sufficiency of the evidence on the essential issues of the case. They were trivial in nature, involving such matters as whether, on one occasion, Robbins arrived at the home of Joseph R. Rao before or after Ernest Striplin arrived there; whether on this particular occasion Robbins and Rao discussed a plan to rob a bank in Oak Park; and whether Robbins and others went to Reno and Tahoe City, Nevada on the day of the visit to Rao's home, or on the following day.

■ The evidence is sufficient to support the jury finding that Robbins participated in the armed robbery of the bank on the day in question.

■ Robbins argues that the judgment and sentence should be reversed because the United States Commissioner refused his request for appointment of counsel at the preliminary hearing. Robbins was represented by appointed counsel at the trial and in all subsequent proceedings.

This question was not raised in the district court prior to trial, at the trial, or on the motion for a new trial. In support of this contention counsel for appellant has attached to his opening brief a certified copy of a printed form entitled "Record of Proceedings in Criminal Cases", with typed insertions, and showing the signature of the United States Commissioner.

■ This form contains no recitation concerning a request for counsel or action thereon. But counsel for appellant has also attached to his opening brief what is denominated an "Affidavit" by Robbins, containing statements concerning requests for appointment of counsel, and their denial. This statement is not notarized, but contains a recital that it is made "under penalty of perjury." The document was therefore not an affidavit. See Williams v. Pierce County Board of Commissioners, 9 Cir., 267 F.2d 866, 867.

The supporting materials which counsel for appellant has attached to his brief are not a part of the record on appeal. Nor, even with them, is there a sufficient showing upon which to determine the question presented. The Government is entitled to present proof as to just what did occur before the Commissioner. Before we are asked to reverse the district court, that court is entitled to an opportunity to consider, in the light of the facts fully developed, whether the point has merit. If and when the district court, presented with such an opportunity, rules against Robbins and an appeal therefrom is taken to this court, we are entitled to have the findings of the district court on any disputed question of fact revelant to the issue.

■ We therefore decline to consider the contention on this appeal. Robbins argues that the trial court abused its discretion in sentencing him to imprisonment for twenty-five years. In support

of this contention, he asserts that his part in the alleged crime was a small one compared to the part played by his co-defendant Stark.[1] Counsel for appellant also goes outside the record to tell us that whereas Robbins received a twenty-five-year sentence, his companion in crime who actually entered the bank with a gun, but who pled guilty, received a twenty-year sentence. Also undisclosed in the record before us is the information counsel for appellant supplies us concerning the prior criminal record of Robbins and the assertedly more extensive criminal record of Stark.

Robbins has made no motion in the district court, pursuant to Rule 35, Federal Rules of Criminal Procedure, to reduce his sentence. He may still do so under that rule, upon the remand of this cause and after issuance of the final mandate. We decline to consider the question on this appeal.

At the oral argument in this court the Assistant United States Attorney suggested that perhaps the evidence was insufficient to support a jury finding, under 18 U.S.C. § 2113(d), and as charged in the indictment, that, during the course of this bank robbery, Robbins or Stark put in jeopardy the life of any person by the use of a dangerous weapon, namely, a revolver. Unless there was evidence to support this allegation, the statutory maximum sentence of twenty-five years would not apply, and the applicable maximum would be twenty years, as provided in 18 U.S.C. § 2113 (a). In that event the remedy would be to resentence for a term not exceeding the maximum allowable under section 2113(a). See Wagner v. United States, 9 Cir., 264 F.2d 524, 530, where the character of proof required to establish the aggravated form of the crime under section 2113(d) is also discussed.

Under Rule 35, Federal Rules of Criminal Procedure, the district court may correct an illegal sentence at any time. Following final disposition of this appeal, therefore, Robbins may move in the trial court, under Rule 35, to reduce the sentence to a term not exceeding twenty years on the ground that a sentence in excess of that term is invalid under the evidence in this case. Robbins may combine with that motion a motion under the same rule, directed to the trial court's discretion, to reduce the sentence, and a motion under 28 U.S.C. § 2255, to vacate the sentence on the ground that he was denied appointed counsel in the proceedings before the Commissioner. Our disposition of this appeal is without prejudice to any such motions, and without any intimations as to the merits of any of them.

Affirmed.

---

1. According to the Government's evidence Stark entered the bank while Robbins waited with the "get-away" car. The Government proceeded against Robbins on the theory of aiding and abetting. 18 U.S.C. § 2 (1958).