Inez **ORTIZ–JIMINEZ**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 22131.

United States Court of Appeals
Ninth Circuit.

April 26, 1968.

Rehearing Denied May 29, 1968.

Fred E. Corbin (argued), San Diego, Cal., for appellant.

Shelby Gott (argued), Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and FERGUSON,* District Judge.

PER CURIAM:

Appellant was convicted by a district court judge, sitting without a jury, on four counts of a six count indictment, charging him with inducing the entry into the United States from Mexico, of three individuals alleged to have been aliens, in Counts I, III and V; and of transporting the aliens, thus illegally entering, within the United States, in Counts II, IV and VI. He was acquitted on Counts II and IV, on motion of the government. He was sentenced to thirty days, to run concurrently, on each count.

Appellant's counsel, believing no sufficient proof of the crimes alleged had been proved, stated in open court, immediately after the government rested:

"Mr. Corbin: Your Honor, I would state to the court that the defendant rests at this time and would be prepared to argue the case at this time without further evidence being presented.

"The Court: Very Well." (Tr. p. 79, ll. 14–19.)

The court then heard arguments from each counsel, reserved decision, and subsequently rendered it as outlined above.

■ Appellant first urges as error insufficiency of the evidence, "as there was inconsistency of the evidence." Appellant overlooks in his recital of the evidence certain facts which support a logical inference of guilt. That the evidence is largely circumstantial does not justify this court in rejecting it, nor in overlooking noncircumstantial evidence appearing in the record. The weight to be accorded conflicting evidence is a matter for the trier of fact to determine; not a court of appeals. Peek v. United States, 321 F.2d 934 (9th Cir. 1963), cert. denied, 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973 (1964); Robbins v. United States, 345 F.2d 930, 932 (9th Cir. 1965). We find no merit in such claimed insufficiency in the evidence.

■ Appellant next urges as error the admission of testimony with respect to the contents of certain rent receipts, when the original receipts were not produced, and were the best evidence. Even if this were error, it could not be prejudicial to appellant, because he had admitted he had rented the house in San Diego, although he lived in Tijuana. The receipts thus confirmed the fact already in evidence, just recited.

■ Appellant asserts as his last error that the portion of the record

---

* Hon. Warren J. Ferguson, United States District Court, Central District of California, sitting by designation.

(quoted hereinabove) constitutes a motion for a judgment of acquittal. The simple answer is that there was no such motion, nor can the language used by counsel in resting his case be tortured into becoming any such motion. Failure to make such a motion may waive the sufficiency of the evidence question on an appeal. Robbins v. United States, 345 F.2d 930 (9th Cir. 1965); Foster v. United States, 318 F.2d 684 (9th Cir. 1963).

Despite any technical procedural defects in the record, the evidence is clearly sufficient to support the trial court's finding that appellant was guilty on Counts V and VI, and we affirm, as to those two counts. The sentences being concurrent, we need not consider Counts I and III.

Affirmed.