**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Charles WOOD,
Defendant-Appellant.**

**Nos. 78–5439, 79–5210.**

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 1979.

Reuben M. Waterman, Jr., Detroit, Mich. (Court-appointed), for defendant-appellant.

James Charles Wood, pro se.

James K. Robinson, U.S. Atty., Detroit, Mich., for plaintiff-appellee in both cases.

Robert W. Haviland, Asst. U.S. Atty., Flint, Mich., for plaintiff-appellee in No. 78–5439.

Before EDWARDS, Chief Judge, and WEICK and LIVELY, Circuit Judges.

PER CURIAM:

Defendant James Charles Wood appeals from a judgment of conviction and denial of various post-trial motions following a conviction on a charge of aggravated bank robbery under the Bank Robbery Act, 18 U.S.C. § 2113. The only issue of possible substance in either the direct appeal or appellant's appeal from various post-conviction motions appears to us to concern the question whether the district judge in deciding this case, which was tried to him with jury waived, violated the double jeopardy provision of the Constitution of the United States and case law prohibiting constructive amendment of federal criminal indictments by his findings and sentence. Appellant's point is that the indictment[1] charged appellant as aiding and abetting one Dray in committing an aggravated bank robbery, whereas the district judge found that Wood "did not aid and abet another to commit the foregoing acts [the bank robbery] but rather was aided by another in the commission of the foregoing acts." Appellant claims that the indictment on which he was tried deprived him of his opportunity to prepare and present an alibi defense and that his conviction and sentence for the principal offense does not prevent his being charged with the act of bank robbery, since the indictment of which he was held guilty charged aiding and abetting.

We do not think the proceedings in this matter either left defendant without proper notice of the offense for which he was to be tried or vulnerable to double jeopardy. A reading of the indictment quoted in footnote 1 shows that the last portion thereof clearly charges defendant with being in the bank and employing a sawed-off shotgun to put in jeopardy the life of a bank employee. Under these circumstances how he could have failed to prepare an alibi defense if he had one is a mystery. As to the double jeopardy charge, not only was he, in the language of the indictment, actually charged as a principal in the last portion thereof, but, in addition, the specific language of 18 U.S.C. § 2113 makes one who aids and abets in a bank robbery a principal in the commission of the offense.

In *Watson v. Jago*, 558 F.2d 330 (6th Cir. 1977), this court said the question to be asked in identifying a constructive amendment is whether there has been a modification at trial in the elements of the crime charged. *Watson, supra* at 334. We believe this record is clear and that the indictment should be read as the district judge obviously read it, charging appellant both as aiding and abetting and as committing bank robbery as a principal, and that facts in the case amply support the judge's conviction of him as a principal in the bank robbery.

The only other issue in his appeal of sufficient merit to bear discussion is appellant's claim that evidence produced by an illegal search and seizure was introduced against him during the course of the trial. We note, however, that the search concerned took place under a properly issued search warrant and that no motion to sup-

1. That on or about March 22, 1975, at Metamora, Michigan, in the Eastern District of Michigan, Southern Division, JAMES CHARLES WOOD, Defendant herein, did wilfully and knowingly aid, abet, counsel, command, induce and procure DALE EDWARD DRAY, Defendant herein, to take by force and violence and by intimidation, from the presence of Kay Hardenburg, approximately $48,353, in money belonging to and in the care, custody, control, management and possession of the First National Bank of Lapeer, Metamora Branch, 400 S. Oak Street, Metamora, Michigan, the deposits of which were then insured by the Federal Deposit Insurance Corporation at the time; and JAMES CHARLES WOOD, Defendant herein, in committing the aforesaid act, did assault and put in jeopardy the life of Kay Hardenburg, by the use of a dangerous weapon, that is a sawed-off shotgun; in violation of Sections 2113(a), (d) and 2(a), Title 18, United States Code.

248

press was made at trial. If, as appellant contends, the agents' announcement at the point of entry of their authority and purpose was belated, we do not think that under the facts of this case that error was sufficient to occasion invalidation of this conviction on this appeal. Rule 12(b) of the Federal Rules of Criminal Procedure requires a party seeking to suppress evidence to file a motion before trial for that purpose. We cannot properly speculate now as to what would have been developed at the suppression hearing if the motion had been made and the hearing had been held.

The judgment of conviction is affirmed. The denial of Section 2254 relief is likewise affirmed.