961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Geraldine TINSON, Defendant-Appellant.
 No. 90-50118.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1992.
Decided April 24, 1992.
 
 1
 Before CANBY, REINHARDT and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Geraldine Tinson, defendant/appellant, appeals her conviction and sentence for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Tinson received a sentence of imprisonment for 97 months, the minimum sentence under the Sentencing Guidelines. The district court had jurisdiction under 18 U.S.C. § 3231 (1988). Tinson filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291 (1988). We affirm.
 
 
 4
 Tinson first argues that the district court erred in failing to suppress evidence seized pursuant to a search of her companion's bags at the Los Angeles International Airport. We do not address this argument because Tinson failed to move for suppression under Fed.R.Crim.P. 12(b)(3) in the district court proceedings. A court of appeals will not review the admissibility of evidence when there has been no Rule 12(b)(3) motion or suppression hearing in the district court. See United States v. Davis, 663 F.2d 824, 831 (9th Cir.1981); United States v. Wood, 609 F.2d 246, 248 (6th Cir.1979).
 
 
 5
 Tinson next argues that the presentence report used in sentencing incorrectly stated the amount of cocaine found in her possession. However, Tinson did not dispute the accuracy of the presentence report in the proceedings below and offers no evidence on appeal showing that the report was inaccurate. Tinson cannot prevail by making broad, unsubstantiated allegations that the presentence report is inaccurate. See United States v. Miller, 588 F.2d 1256, 1266 & n. 7 (9th Cir.1978), cert. denied, 440 U.S. 947 (1979). Thus, we reject Tinson's argument.
 
 
 6
 Tinson's third argument--that her sentence was improperly increased on the ground that she was more culpable than her companion at the airport--is based on a misunderstanding of the Sentencing Guidelines and the sentence imposed in this case. Although the government asked for a two level upward adjustment pursuant to U.S.S.G. § 3B1.1 on the ground that Tinson was the leader, the district court did not impose such an increase. The district court found that Tinson and her companion had roughly the same level of responsibility. Tinson's sentence was not increased on the ground that she was more culpable than her companion.
 
 
 7
 Tinson's fourth argument is that there was insufficient evidence to prove her guilt and that she was found guilty by association. Tinson is foreclosed from challenging the sufficiency of the evidence on appeal because she did not move for an acquittal pursuant to Fed.R.Crim.P. 29. Ortiz-Jiminez v. United States, 393 F.2d 720 (9th Cir.1968). However, we note that even a cursory review of the record indicates that there was ample evidence from which a rational trier of fact could have found Tinson guilty. See United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988) (evidence is sufficient if, reviewing it the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"); United States v. Brandon, 633 F.2d 773, 780 (9th Cir.1980).
 
 
 8
 Ordinarily, the resolution of ineffective assistance of counsel claims require the development of facts outside the original record. See United States v. Birges, 723 F.2d 666, 670 (9th Cir.), cert. denied, 466 U.S. 943 (1984). Thus, "[t]he customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." Id. Because no justification exists for departing from the usual procedure, we conclude that collateral review provides the appropriate forum for Tinson's ineffective assistance of counsel claim. Thus we do not resolve that issue here.
 
 
 9
 For the foregoing reasons, we AFFIRM Tinson's conviction and sentence.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3