NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QIJUN LI, | No. 18-70505 |
| Petitioner, | Agency No. A200-796-968 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 13, 2020
Pasadena, California

Before: WARDLAW and VANDYKE, Circuit Judges, and CHOE-GROVES,**
Judge.
Dissent by Judge VANDYKE

Qijun Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's

(IJ) denial of his *pro se* motion to reopen his 2012 *in abstentia* removal

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Jennifer Choe-Groves, Judge for the United States
Court of International Trade, sitting by designation.

proceedings. We have jurisdiction. 8 U.S.C. § 1252. We grant the petition.

1.      The BIA abused its discretion in concluding that Li's motion did not substantially comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). First, Li submitted a declaration signed under "penalty of perjury" explaining that he had "retained Mr. Joel Spence as legal counsel for my removal proceeding" before 2012.[1] *Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir. 2005) (declaration satisfies affidavit requirement). Court records also make it "evident" that Spence represented Li "on-the-record" between September 16, 2011 and December 4, 2014, during the time of the claimed ineffective assistance. *Morales Apolinar v. Mukasey*, 514 F.3d 893, 896 (9th Cir. 2008). Second, Li sent Spence a letter regarding his allegations a week before filing his motion—providing Spence a chance to respond, which Spence declined to take. Third, Li attached to his motion a "Letter of Complaint to the State Bar of California" regarding Spence, dated a week prior to the motion. *See Correa-Rivera v. Holder*, 706 F.3d 1128, 1131–32 (9th Cir. 2013) (finding that the third *Lozada* requirement is "hortatory," demands no "probative evidence" of a filed complaint, and is satisfied by attaching "a copy of the very complaint").

---

[1]      This is not the first time we have confronted allegations of ineffective assistance of counsel regarding Spence. *See Avagyan v. Holder*, 646 F.3d 672 (9th Cir. 2011).

2

Thus, Li substantially complied with the *Lozada* requirements, which, in any event, "are not rigidly applied." *Id.* at 1131 (cleaned up). "We seldom reject ineffective assistance of counsel claims *solely* on the basis of *Lozada* deficiencies." *Lo v. Ashcroft*, 341 F.3d 934, 937 n.4 (9th Cir. 2003) (cleaned up). Finally, "it is a long-established principle that the submissions of pro se aliens should be liberally construed." *Sembiring v. Gonzales*, 499 F.3d 981, 990 (9th Cir. 2007) (cleaned up).[2]

2.      The BIA and IJ's finding that Li's second affidavit was "inherently unbelievable" is not supported by substantial evidence. *Bhasin*, 423 F.3d at 987; *see also Sakhavat v. I.N.S.*, 796 F.2d 1201, 1205 (9th Cir. 1986).[3] First, Li's statement that the general manager at Spence's firm told Li that he did not need to attend his August 14, 2012 hearing is tantamount to a statement that Spence told Li not to appear because Spence's employees are Spence's agents. Second, the IJ's skepticism as to whether Li kept documents in his car or his inability to recall the

---

[2]      Neither the BIA nor the IJ concluded that Li's motion to reopen was time-barred, and "we cannot affirm the BIA on a ground upon which it did not rely." *Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005). In any event, Spence's purported fraud and Li's diligence upon discovering that fraud would support equitable tolling of that deadline. *See Avagyan*, 646 F.3d at 677.

[3]      We consider only the reasons the IJ and BIA proffered for this finding. *Cf. Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir. 2004) ("When each of the IJ's or BIA's proffered reasons for an adverse credibility finding fails, we must accept a petitioner's testimony as credible." (cleaned up)).

3

precise amount he paid Spence over many years were improper grounds for finding Li's affidavit inherently unbelievable. So too was the IJ's desire for more details on those fronts. *See Ghadessi v. I.N.S.*, 797 F.2d 804, 807 (9th Cir. 1986) (disapproving the "weighing of the quality, rather than the sufficiency, of her evidence"). Third, that Alexander Markman attempted, and failed, to step in for Spence at a quickly-continued July 17, 2012 hearing is consistent with Li not "knowing" Markman. In short, the IJ "nit-picked the record to unearth illusory inconsistencies" in Li's affidavit and "focused on peripheral material." *Sakhavat*, 796 F.2d at 1205 (cleaned up).[4]

3. "We could remand" to the BIA to determine whether Li's properly credited allegations constituted ineffective assistance, but in light of the record, "there is no need to do so here." *Correa-Rivera*, 706 F.3d at 1133 (cleaned up). If Li's allegations are true, his counsel was ineffective. *Lo*, 341 F.3d at 935–36. In addition, "we require no showing" of prejudice "when a motion for recission of an

---

[4] The BIA remanded this case to the IJ in 2016 "[o]ut of an abundance of caution and in the interest of justice," but the IJ did not invite supplemental briefing or hold a hearing before finding Li's affidavit "inherently unbelievable." *See Jacinto v. I.N.S.*, 208 F.3d 725, 734 (9th Cir. 2000) ("Immigration judges are obligated to fully develop the record in those circumstances where applicants appear without counsel." (cleaned up)).

*in abstentia* removal order is grounded on ineffective assistance of counsel." *Id.* at 939 n.6 (cleaned up).

**PETITION GRANTED; REVERSED AND REMANDED.**

*Li v. Barr*, No. 18-70505

VANDYKE, Circuit Judge, dissenting.

The record shows that Li failed to comply with the *Lozada* requirements,[1] and this case does not present any exceptional circumstances sufficient to overcome the "presum[ption] … that the Board [did] not abuse its discretion when it obligate[d] petitioners to satisfy *Lozada*'s literal requirements." *Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004). The record also does not compel a conclusion contrary to the finding that Li's second affidavit was "inherently unbelievable," which is the deferential standard we must follow. *See Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996) ("The BIA's factual findings are reviewed for substantial evidence."); *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) ("Under the substantial evidence standard, 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'") (quoting 8 U.S.C. § 1252(b)(4)(B)). I respectfully dissent.

1. First, Li failed to provide an affidavit "setting forth *in detail* the agreement that was entered into with [counsel] with respect to the actions to be taken on appeal and what [counsel] did or did not represent to [Li] in this regard." *Azanor v. Ashcroft*, 364 F.3d 1013, 1023 (9th Cir. 2004) (emphasis added) (internal brackets removed). Li only submitted non-notarized documents entitled "Affidavit of Qijun

---

[1] *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988).

1

Li[,]"[2] stating the general date that he retained counsel for the asylum proceeding and omitting any additional details as to his actual retainer agreement.[3]  But merely establishing the attorney-client relationship, and omitting any facts "describ[ing] the nature and scope of [the] agreement with [counsel]—facts essential to a full and complete evaluation of [an] ineffective assistance claim," constitutes a "significant" omission.  *Azanor*, 364 F.3d at 1023.  "[A]lthough this circuit has not enforced *Lozada* rigidly, … we have never excused a petitioner's failure to provide an affidavit where, as here, the facts underlying the petitioner's claim were not plain on the face of the administrative record."  *Id.* (emphasis added) (internal quotations and brackets removed) (quoting *Reyes*, 348 F.3d at 1130-31).  Here, the majority ignores that Li failed to comply with *Lozada* and points instead to extraneous court records showing the time during which he was represented by Spence.  But if public court records detailing the mere length of representation suffice as "details" "describ[ing] the nature and scope of [the] agreement with [counsel]" sufficient to evaluate an

---

[2] Li's non-notarized documents do not qualify as acceptable affidavits under our precedent.  *See Correa–Rivera v. Holder*, 706 F.3d 1128, 1131 (9th Cir. 2013); *Robbins v. United States*, 345 F.2d 930, 932 (9th Cir. 1965).

[3] One of the few concrete details that Li does provide in his first affidavit—that he retained Attorney Spence in September 2010—is contradicted by his *pro se* motion to reopen, which says he retained Attorney Spence in September 2011, and the California Attorney Complaint Form accompanying the motion, which says he employed Attorney Spence in July 2011.  These inconsistencies fail to provide a beginning or end date for Attorney Spence's representation, which is relevant to assessing Li's claims that Spence's paralegals told Li that his case was still pending for two years.

2

ineffective assistance claim, it would obviate the need for an affidavit to describe the other details *Lozada* requires.[4]  *Cf. Correa-Rivera*, 706 F.3d at 1132 ("the first two [*Lozada* requirements] concern matters that transpire in private between petitioner and his lawyer").  Our applications of *Lozada* prohibit the majority's loose construction of the first *Lozada* requirement.

2.  Second, Li failed to comply with the third *Lozada* requirement to provide "an indication that a complaint *has been lodged* with the bar, or reasons explaining why not."  *Reyes*, 358 F.3d at 596 (emphasis added).  Li never asserted to the IJ or the BIA that he actually *filed* an attorney complaint, and only for the first time to this Court argued that he provided the BIA with the bar complaint receipt, which is not in the administrative record.  While the majority cites *Correa-Rivera* for the proposition that the third *Lozada* requirement is "'hortatory,' demands no 'probative evidence' of a complaint filed, and is satisfied by attaching 'a copy of the very complaint[,]'"even *Correa-Rivera* recognized that the petitioner still carries the

---

[4] The majority cites *Morales Apolinar v. Mukasey*, 514 F.3d 893, 896 (9th Cir. 2008) to support its reliance on court documents to establish the attorney-client relationship.  But *Morales* didn't rely *exclusively* on court documents.  It also relied on the petitioner's "sworn declaration" (notarization was not at issue in that case) specifically detailing the conduct that substantiated her ineffective assistance claim.  *Id*. at 896.  The *Morales* notarized declaration stated that the petitioner's counsel had (1) "relied on … a non-attorney immigration consultant … to perform the legal work;" (2) "failed to submit available documents that would have supported [petitioner's] showing of continuous physical presence;" (3) "failed to call witnesses who were able and willing to testify to her continuous physical presence;" and (4) "failed to establish [petitioner]'s mother as a qualifying relative for hardship analysis purposes."  *Id*.  Li's *unnotarized* affidavits do not remotely approach this level of detail.

3

burden of indicating whether he *has filed* a complaint with the bar. 706 F.3d at 1132 ("The most plausible and straightforward reading of 'reflect' is that the motion should somehow disclose whether petitioner *has filed* a complaint with the state bar.") (emphasis added); *see also id*. at 1131 ("*Lozada* suggests only that the motion 'should reflect' whether such a complaint *has been filed*.") (emphasis added). The BIA was not necessarily requiring evidence of such filing, but merely a statement clarifying what happened. Because Li only produced a completed attorney complaint form, but offered no evidence that it was actually filed, he failed to satisfy the third *Lozada* requirement under *Correa-Rivera* and the BIA correctly stated that Li "did not demonstrate that the form had been filed or explain why it had not been filed." These notable shortcomings sever any notion that Li "substantially complied" with the *Lozada* requirements.

3. Separately, Li did not demonstrate clear ineffective assistance of counsel on the face of the record. We have "dispensed with the *Lozada* obligations where counsel's ineffective assistance was obvious and undisputed on the face of the record." *Reyes*, 358 F.3d at 597 (citing *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002)).[5] The record reveals that Li's claim is far from clear or undisputed.

---

[5] *See also Escobar-Grijalva v. INS*, 206 F.3d 1331, 1333, 1335 (9th Cir. 2000) (concluding "[t]he Board's reasonable rules [in *Lozada*] for the normal ineffective assistance claim are not dispositive here" where the complete lack of attorney-client relationship was clear from the record of the hearing, such as when the IJ asked petitioner if counsel was her attorney and she responded "no" and then the IJ asked counsel if he had ever met the petitioner and he said he hadn't).

4

4. Finally, the evidence in the record does not a compel a conclusion contrary to the IJ's determination that Li's second affidavit was "inherently unbelievable." *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (finding a lack of substantial evidence "when any reasonable adjudicator would be *compelled to conclude to the contrary* based on the evidence in the record") (emphasis added) (citations and quotation marks omitted). Before the BIA, Li vacillated on who it was exactly—Mr. Spence or his firm's manager—that provided ineffective assistance by telling him not to attend the August 14th hearing. In an attempt to reconcile this crucial inconsistency, Li now claims that "[h]is sole dealings with the law office was through the Chinese manager, Mr. Kirk Liu" and that Liu likely spoke on behalf of Attorney Spence. But in his second affidavit, Li asserted that he spoke with paralegals in Spence's office for two years regarding the status of his case, thus undermining his alleged explanation that he only spoke to Mr. Liu. Li also attempts to rebut the IJ's conclusion that it could not believe that Li left his representation agreement with Attorney Spence in his car (which was subsequently stolen) by asserting that people in his economic position use their cars like a home and keep valuables there. Assuming arguendo that the mere act of storing his representation agreement in his car for over three years was not itself "inherently unbelievable," the facts that Li: (1) was certain the agreement was in his car, (2) knew the car was stolen over nine months prior to filing his motion to reopen,

5

and (3) acknowledged his obligation to describe the agreement "in detail" in his motion to reopen, but (4) failed to disclose this in the motion to reopen and did not raise it until he appealed the decision to the BIA, supports the IJ's finding of inherent unbelievability. Under the deferential standard of review, the IJ's finding was supported by substantial evidence. *See Bringas-Rodriguez*, 850 F.3d at 1059.[6]

\* \* \*

For these reasons, I would deny the petition and therefore respectfully dissent.

---

[6] Li's due process argument is also unpersuasive. The IJ considered the new evidence Li provided on appeal and gave Li over eleven months to provide additional evidence to comply with the *Lozada* requirements, so Li cannot demonstrate prejudice by the lack of an evidentiary hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). The majority's reliance on *Jacinto v. INS*, 208 F.3d 725, 734 (9th Cir. 2000) does not suggest otherwise, as Li had the opportunity to present additional briefing and the IJ relied on the record *provided by* Li. And because I would deny the petition, I do not address the majority's discussion on remanding.

6