983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Dwayne DAVIS, Defendant-Appellant.
 No. 92-5330.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1993.
 
 Before MILBURN and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Stephen Dwayne Davis appeals his drug trafficking and firearm convictions. We affirm Davis' convictions for the following reasons.
 
 I.
 
 2
 On April 30, 1991, Officers Ron Riddle and Fred Stromatt ("the officers") of the Metropolitan Nashville Police Department's Narcotics Suppression Unit ("Metropolitan Police Department") were monitoring known drug "hot spots" in the housing project areas of Nashville, Tennessee. After observing six or seven individuals approach, and reach or lean into, the driver's side window of a Cadillac that was parked in an alley running between Vine Hill and Magnolia Street, the officers maneuvered their van behind the Cadillac to investigate. Numerous individuals standing near the Cadillac ran as the officers quickly exited their vehicle and identified themselves. Officer Riddle ran to the passenger side of the Cadillac and observed the driver, later identified as defendant-appellant Stephen Dwayne Davis ("Davis"), reaching down for a handgun, later identified as a loaded Smith and Wesson .357 Magnum revolver, on the floorboard of the car.
 
 
 3
 The officers immediately ordered Davis and his passenger, Keenan Harris, from the Cadillac. After arresting Davis for possessing the firearm, Officer Riddle searched the appellant and discovered a bag containing 14.2 grams of cocaine and a bag containing 3.7 grams of marijuana secreted in his underwear, and approximately $466 in his pocket. A search of the Cadillac revealed marijuana residue next to the arm rest, a pager, rolling papers, and gambling paraphernalia ("numbers tickets").
 
 
 4
 Officer Stromatt detained two of the individuals who had reached into the driver's window of the Cadillac prior to the officers' approach. One of these individuals, a "Mr. Chadwick," ripped open and threw a plastic bag of white powder into the air in an apparent attempt to destroy evidence after being told to "freeze."
 
 
 5
 Though Davis later admitted to both Officer Riddle and Officer Rita Stackhouse that the cocaine and marijuana were his, he insisted that the handgun had been dropped into the car by a man he knew only as "Dude" when the officers approached the Cadillac. Davis admitted, however, that he had attempted to hide the handgun under his seat when the officers approached.
 
 
 6
 Officer Charles Blackwood of the Metropolitan Police Department Latent Fingerprint Lab subsequently "lifted" six prints from the confiscated Smith and Wesson revolver and submitted these prints to Metropolitan Police Department Fingerprint Technician Supervisor Vivian Stockman for examination and comparison against the known prints of defendant-appellant Stephen Dwayne Davis. Ms. Stockman determined that five of the six prints lacked sufficient ridge detail and were of no value. The sixth print "lifted" from the Smith and Wesson revolver offered sufficient ridge detail, however, and Stockman determined, after comparing the "lifted" print with the fingerprint card made immediately following Davis' arrest, that the "lifted" print was Davis' left thumbprint.
 
 
 7
 On July 17, 1991, the grand jury returned a three count indictment charging Davis with: knowingly, intentionally and unlawfully possessing cocaine with intent to distribute (Count One), in violation of 21 U.S.C. § 841(a)(1); knowingly, intentionally and unlawfully possessing marijuana with intent to distribute (Count Two), in violation of 21 U.S.C. § 841(a)(1); and, unlawfully carrying on or about his person a firearm during the commission of a drug trafficking crime (Count Three), in violation of 18 U.S.C. § 924(c). See Indictment at 1-2.
 
 
 8
 On November 19, 1991, the United States, pursuant to Fed.R.Crim.P. 48(a), dismissed Count Two of the indictment (the marijuana charge) "on the grounds that there is insufficient proof to support a conviction." United States' Order of Dismissal Nolle Prosequi.
 
 
 9
 The jury trial commenced in district court on December 17, 1991. On December 19, 1991, the jury found Davis guilty on both remaining counts. On February 24, 1992, the district court sentenced Davis to one year imprisonment on Count One, and five years imprisonment on Count Three, the sentences to run consecutively, to be followed by three years of supervised release.
 
 
 10
 Davis thereafter filed a timely notice of appeal.
 
 II.
 
 11
 The Federal Rules of Criminal Procedure provide:
 
 
 12
 The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right.
 
 
 13
 Fed.R.Crim.P. 29(a).
 
 
 14
 "The standard applied to determine the sufficiency of the evidence is 'whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. White, 932 F.2d 588, 589 (6th Cir.1991) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)). Because witness credibility is solely within the jury's province, United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988), " '[i]t is not for us to weigh the evidence or determine the credibility of witnesses.' " United States v. DeClue, 899 F.2d 1465, 1471 (6th Cir.1990) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)). Moreover, because substantial deference must be given to the trier of fact's findings, United States v. Ayotte, 741 F.2d 865, 867 (6th Cir.), cert. denied, 469 U.S. 1076 (1984), this court has held that an appellant "bears a heavy burden" when insufficiency of the evidence is claimed. United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986).
 
 Drug Trafficking Conviction
 
 15
 Though Davis argues on appeal that "there was no evidence from which a reasonable jury could find that he intended to traffic the cocaine," Appellant's Brief at 8, we agree with the government's position that "it was reasonable for the jury to determine that the appellant possessed the 14.7 grams of cocaine with the intent to distribute." Appellee's Brief at 12. Officers Riddle and Stromatt observed several individuals approach, and lean into, Davis' Cadillac in a known drug "hot spot." Many of those standing near the Cadillac ran as the officers emerged from their vehicle. At the time of his arrest, Davis was carrying a pager, 14.7 grams of cocaine, 3.7 grams of marijuana, rolling papers, approximately $466 in cash, and a loaded handgun (on the floorboard of the Cadillac).
 
 
 16
 Arguing that he possessed "only a small quantity of cocaine ... packaged in a single plastic bag" hidden in his underwear, Appellant's Brief at 8, Davis maintains that "[n]o reasonable jury could infer intent from the small amount of cocaine alone." Id. Davis clearly misunderstands the evidence arrayed against him. The police officers observed Davis' suspicious activities in a known drug area before apprehending him with quantities of cocaine and marijuana, over four hundred dollars cash, a pager and a handgun. The issue is whether a reasonable jury, considering all the evidence and the inferences that may be drawn therefrom, could have found Davis guilty beyond a reasonable doubt, not simply whether 14.2 grams of cocaine precluded the "intent to distribute" inference. See United States v. Edwards, 602 F.2d 458, 470 (1st Cir.1979) ("Our object is to inquire whether the total evidence, including reasonable inferences, when put together is sufficient to warrant a jury to conclude that the defendant is guilty beyond a reasonable doubt."). Moreover, the evidence need not preclude every reasonable hypothesis of innocence to sustain a conviction. United States v. Cole, 755 F.2d 748, 755 (11th Cir.1985).
 
 
 17
 In light of the evidence arrayed against him, Davis has failed to satisfy his burden of proving insufficiency of the evidence on the cocaine trafficking charge.
 
 Firearm Conviction
 
 18
 Count Three of the indictment charged Davis with violating 18 U.S.C. § 924(c) which provides (in relevant part):
 
 
 19
 Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.
 
 
 20
 18 U.S.C. § 924(c)(1).
 
 
 21
 Davis argues that the evidence fails "to support a verdict of guilty beyond a reasonable doubt of carrying a firearm during and in relation to a drug trafficking crime" because he "never carried or possessed this gun." Appellant's Brief at 9.
 
 
 22
 This court has broadly construed the "use and carry" terms of 18 U.S.C. § 924(c) to uphold convictions in which a defendant: used or carried a firearm to protect his drugs, drug money, person, or premises; used or carried a firearm to embolden or encourage himself to procure or market his drugs; or, used or carried the firearm as part of his plan of escape. United States v. Brown, 915 F.2d 219, 224-26 (6th Cir.1990). Though Davis is correct in asserting that the mere presence of a gun does not establish a defendant's intent to use the weapon during the drug crime, United States v. Feliz-Cordero, 859 F.2d 250, 254 (2d Cir.1988), this court has held that " 'uses' and 'carries' should be construed broadly to cover the gamut of situations where drug traffickers have ready access to weapons with which they secure or enforce their transactions." United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 493 U.S. 899 (1989). "[T]he statute does not require actual physical possession of a weapon or that the defendant actually brandished the weapon in the commission of the drug offense." Id. Moreover,
 
 
 23
 the legislative history of the 1984 amendment to section 924(c) indicates that the "in relation to" element will be satisfied if from the circumstances or otherwise it could be found that the defendant intended to use the gun if a contingency arose or to make his escape.
 
 
 24
 United States v. Henry, 878 F.2d 937, 943-44 n. 5 (6th Cir.1989).
 
 
 25
 Davis maintains that "an unidentified man standing at the driver's window of the car threw the gun into the car as the police moved in." Appellant's Brief at 10. The government correctly notes, however, that "[t]he proof at trial established that the appellant was engaged in possessing with the intent to distribute cocaine and had at his feet a loaded 357 magnum revolver ... easily accessible to protect the appellant, his money and his drugs." Appellee's Brief at 14. Though Davis argues that he inadvertently came into possession of the handgun in a manner wholly unrelated to drug trafficking, the jury chose to reject the scenario he presented. See United States v. Pelfrey, 822 F.2d 628, 632 (6th Cir.1987) (witness credibility is solely within the jury's province).
 
 
 26
 Officers Riddle and Stromatt, after observing the appellant's suspicious activities, suspected that Davis was trafficking drugs. When the officers moved in, they observed Davis reaching under the seat for a handgun. Fingerprint analysis revealed Davis' fingerprint on the weapon. After hearing Officer Stromatt testify that "Dude," the alleged gun dealer, was standing "five feet in front of the car" as the officers approached, and not leaning in the driver's side window as Davis maintained, the jury determined that Davis possessed the gun to further his drug trafficking activities. Because "the evidence does not need to be inconsistent with every conclusion save that of guilt ... to sustain the jury's verdict," United States v. Schultz, 855 F.2d at 1221 (citing United States v. Nelson, 419 F.2d 1237, 1242-43 (9th Cir.1969)), we conclude that the prosecution presented sufficient evidence to convict Davis of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).[1]
 
 III.
 
 27
 We AFFIRM Davis' convictions for the aforementioned reasons.
 
 
 
 [1]
 The appellant's argument that "the government presented absolutely no evidence that the gun found in this case was a firearm under the definition of firearm under 18 U.S.C. § 924(c)," Appellant's Brief at 13, is belied by the record. Officer Riddle testified that the handgun was a "Smith and Wesson .357 Magnum," Joint Appendix at 19, "loaded with six rounds of .357 Magnum ammo." Id. at 23. "Testimony by an experienced federal law enforcement officer familiar with handguns that the defendant carried a .38 caliber pistol certainly authorized the jury to find that the defendant possessed a firearm." United States v. Rouco, 765 F.2d 983, 996 (11th Cir.1985), cert. denied, 475 U.S. 1124 (1986). We therefore reject Davis' argument to the contrary